1

2

3

4

5

6

7

8                                 IN THE UNITED STATES DISTRICT COURT

9                                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JERRY THOMPSON,                                    No. C 05-2821 (MEJ)

12                      Plaintiff,

13        vs.                                            **ORDER REQUESTING INFORMATION**
                                                         **RE: PLAINTIFF'S APPLICATION TO**
14    FRANCISCO PEREZ,                                   **PROCEED** *IN FORMA PAUPERIS*

15                      Defendant.

16    _____/

17

18                                          **BACKGROUND**

19           Pending before the Court is plaintiff, Jerry Thompson's, Application to Proceed *In Forma*

20    *Pauperis*, hereinafter *"IFP"*,  filed on July 11, 2005, hereinafter "July Application."  After careful

21    consideration of Plaintiff's papers and applicable law, the Court hereby requests further information

22    regarding certain statements made in Plaintiff's application to clarify Plaintiff's financial status

23    before making its determination.

24           Prior to the July Application, Plaintiff submitted an Application to Proceed *IFP* with Judge

25    Chen on March 5, 2005, hereinafter "March Application."  In the March Application, Plaintiff listed

26    that he had only $200.00 in additional assets excluding the $800.00 a month he receives from

27    "Federal or State welfare payments, Social Security or other government sources."  *See* March

28    Application to Proceed *IFP*, p. 2.  His monthly expenses detailed in the March Application

**United States District Court**

For the Northern District of California

**United States District Court**

For the Northern District of California

1  amounted to $558.00 a month which included his rent, utilities, clothing and food.  However, there

2  was no mention of the charge accounts.  *See* March Application to Proceed *IFP*, p. 2.

3      In the July Application, Plaintiff  states that he receives $800.00 a month from "Federal or

4  State welfare payments, Social Security or other government sources." *See* July Application to

5  Proceed *IFP*, p. 2.  Plaintiff, however, does not identify the specific program from which he receives

6  these funds.  Plaintiff additionally states that he has $2900.00 in additional funds in "cash in hand"

7  and bank account.  Plaintiff's total monthly expenses amount to $741.50 which includes his rent,

8  utilities, clothing, food, and charge account payments.

9                                    **Discussion**

10     The Court has discretion to authorize the commencement of a suit without prepayment of

11  fees by any person who submits an affidavit stating that they are unable to meet the costs of filing an

12  action with the Court.  28 U.S.C.S. § 1915 (a)(1).  In making the above determination, "a District

13  Court may consider all assets available to an affiant in making the determination that he is able to

14  pay court costs.  Those assets may include, Social Security benefits, student loan refunds, and all

15  other assets which may be used to pay court costs." Ogunsalu v. Nair, 117 Fed.Appx.522, WL

16  2726051 (9th Cir. Dec. 01, 2004).  In addition to a consideration of all of the party's assets as stated

17  in the affidavit, this Court "... may take judicial notice of its own records to determine that an *In*

18  *Forma Pauperis* complaint should be summarily dismissed." Williams v. Field, 394 F.2d, 329

19  332-333 (9th Cir., 1968).  Hence, the Court may consider the additional Application to Proceed *IFP*

20  that was filed in Judge Chen's chambers in March of 2005.

21     In the March and July Applications, Plaintiff  stated that he receives government funds in the

22  amount of $800.00 a month.  *See* July  Application to Proceed *IFP*, p. 2 *and See* March Application

23  to Proceed *IFP*, p. 2.  In Plaintiff's March Application, he stated that he had access to the same

24  $800.00 in government funds, but only $200.00 in combined funds from "cash in hand" and bank

25  accounts.  *See* March Application to Proceed *IFP*, p. 2.  However, in his July Application, Plaintiff

26  claims to have access to $2900.00 in combined funds from "cash in hand" and his bank accounts.

27  *See* July Application to Proceed *IFP*, p. 2.

28                                         2

**United States District Court**

For the Northern District of California

1

2   This Court requires further information to clarify the difference in Plaintiff's funds between

3   March 2005 to July 2005.  In addition, this Court requires an explanation as to why the $2900.00 in

4   combined funds cannot be used to meet the costs associated with filing Plaintiff's Complaint for

    discrimination based on his disability.

5   **IT IS SO ORDERED.**

6

7   Dated: October 13, 2005

8   _____
    MARIA ELENA JAMES
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3